LEACH *v.* CITY OF EVANSVILLE ET AL.; DE VOS ET AL. *v.* CITY OF EVANSVILLE; HESCH ET AL. *v.* CITY OF EVANSVILLE.

[No. 26,768. Filed April 2, 1937.]

*Charles M. LaFollette, William F. Little* and *F. W. Lensing,* for appellants.

*Louis L. Roberts, Leo Warren,* and *Phelps Darby,* for appellees.

FANSLER, J.—Appellants instituted three independent actions, constituting what, in the statutes, is called an appeal from certain awards or assessments of damages made by the board of public works and safety of the city of Evansville in the condemnation of certain lands. The cases were consolidated. The final award of the

board was made on the 10th day of May, 1935. The complaints were filed on the 10th day of June, 1935, the 9th being Sunday. On motion of appellee, the actions were dismissed on the ground that they were not brought within the time provided by statute.

The only question presented by the appeal is whether the action was governed, as to the time in which it could be brought, by chapter 129 of the Acts of 1905 (Acts 1905, §101, p. 284; Burns' Ann. St. 1933, §48-2005; Baldwin's Ind. St. 1934, §§11644-11653) or chapter 245 of the Acts of 1933 (Acts 1933, §1, p. 1109; §§48-4501-9 Burns' Ann. St. 1933, §§11576-84 Baldwin's Ind. St. 1934.

The first statute in question concerns the appropriation of property by cities. It provides that any person aggrieved by a decision of the board may appeal to the circuit court within twenty days, by filing a complaint against the city. The title of the act of 1933 reads as follows: "An Act concerning procedure on appeals from actions and decisions of boards of public works and boards of park commissioners and common councils of cities, and from boards of trustees of towns, and from any other body or official of any city or town where applicable, in all matters where such appeals are now or may hereafter be allowed by law; repealing all laws in conflict herewith, and declaring an emergency." The first section provides: "That all appeals now allowed, or which may hereafter be allowed by law from any action or decision of the board of public works or the board of park commissioners of any city, or the common council of such cities wherein it performs the functions of either or both such boards, or of any other board, shall be taken by the party appealing, filing in the circuit or superior court of the county wherein such city is located, an original complaint against such city as defendant. Such complaint on

appeal shall be filed within thirty days from the date of the action or decision complained of."

Appellants assert that this statute was intended to furnish, and does furnish, procedure, including a limitation of time, for filing actions questioning the decisions of the various bodies referred to; that the word "all" does not permit of exceptions being read into the statute. *Citizens Trust & Savs. Bank* v. *Fletcher American Co. et al.* (1934), 207 Ind. 328, 190 N. E. 868; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, 71 N. E. 218, 660. Appellee takes the position that the earlier statute is special in its application; that the act of 1933 is general; that, where there is apparent contradiction between two statutes, one of which is special in its application and the other general, the special will prevail; that repeals by implication are not favored; and that, where statutes seem inconsistent, the court will construe them, if possible, so as to allow both to stand. It is also contended that the statutes' are not necessarily inconsistent, and that the act of 1933 can be treated as applicable only to those various statutes providing for appeals by way of an action in court where no time limitation is fixed in the statute.

It is only where the language of a statute, and the intention of the Legislature, is obscure that courts will resort to construction for the purpose of determining the legislative intention. Section 9 of the act of 1933 reads as follows: "All the provisions of this act, where applicable to provide procedure, shall apply to all such appeals allowed by law either now or hereafter from the action or decisions of boards of trustees of towns, or of any other body or official of any city or town, and the context of each section of this act shall be deemed to include any thereof wherever any boards or the common council are mentioned." "Thereof" refers to appeals. The clause therefore must be read:

"The context of each section of this act shall be deemed to include any appeals wherever any boards or the common council are mentioned in the statute." When this section is considered in connection with the provisions in the title and body of the act, that it shall apply to *all* appeals, there is no necessity for resorting to rules of construction. The language is plain. There is nothing in the act to indicate an intention to except any appeal of the character described from the inclusiveness of the word "all," and, on the contrary, section 9, *supra,* seems to have been deliberately designed to prevent a construction that would permit exception. It must be concluded that the act of 1933 and all of its sections and provisions were intended to provide procedure for all appeals of the character described.

Judgement reversed.