REOME ET AL. *v.* EDWARDS ET AL.

[No. 28,343. Filed May 18, 1948.]

230

*Fraze & Spangler,* of Albion, *Cleon H. Foust,* Attorney General, and *Miller Davis* and *A. W. Groves,* Deputy Attorneys General, *Amicus Curiae,* for petitioners.

*Townsend, Hilgeman & Logan,* of Fort Wayne, for respondents.

YOUNG, J.—This was a proceeding brought by appellants to establish the level of Bear Lake in Noble Township, Noble County, Indiana, and to maintain the same by the construction of a control dam in accordance with ch. 102 of the Acts of the General Assembly of Indiana of 1935 (§ 27-607, *et seq.,* Burns' 1945 Pkt. Supp.), generally known as the Lake Levels Act. Subsequently appellees joined in a remonstrance in which

they alleged that they were the owners of two-thirds in area of the lands named in the petition or which may be affected by an assessment of benefits or damages for the construction of the proposed dam. A motion was filed by appellants to strike out the remonstrance and same was overruled. Thereafter, upon the issues joined upon the petition and the remonstrance, there was a hearing.

The evidence before the court consisted solely of a stipulation of facts and a plat of Noble Township, Noble County, Indiana. By the stipulation it appeared that the total acreage of lands described in the petition is 2118.79 acres; that the owners of 1850.69 acres thereof signed the remonstrance; that in addition to the owners of land named in the petition the owners of 1579.40 acres not named in the petition also signed the remonstrance, and that surface waters from the land of all the remonstrators naturally flow into drains which eventually discharge their waters into Bear Lake and thence into the Elkhart River by way of ditches.

The court found that the remonstrators constituted the owners of more than two-thirds in area of the lands named in the petition and of lands which would be affected by an assessment of benefits or damages. Upon this finding the court sustained the remonstrance and rendered judgment dismissing the petition at petitioners' cost and from this judgment this appeal has been taken.

The remonstrance was filed pursuant to § 8, ch. 264 of the Acts of the Indiana General Assembly of 1933, same being generally known as the Indiana Drainage Act, § 27-108, Burns' 1933, and it is conceded by the appellants that the only question for the decision of this court in this case is whether or not § 8 of the Drainage Act applies to a proceeding to establish the

level of a fresh water lake instituted under the Lake Levels Act of 1935. The Lake Levels Act of 1935 provides that when 20 per cent or more of the owners of land abutting upon or being within 440 yards of the high water mark of any lake containing 10 or more acres, shall desire to establish and maintain the level of such lake by means of a dam or other structure, they shall file a petition with the clerk of the circuit court in the county in which the lands of the petitioners are situated.

One statute may adopt another statute, in whole or in part, by reference thereto and when this is done the effect is the same as though the adopted statute, or part thereof, were written into the adopting statute. *State ex rel.* v. *Board* (1909), 170 Ind. 595, 619, 85 N. E. 513; *State ex rel.* v. *Leich* (1906), 166 Ind. 680, 682, 78 N. E. 183. That is what was done by Lake Levels Act, § 2 of which reads as follows:

> "Sec. 2. When any such petition is filed, the court shall have the same power, and any and all officers and persons who may be concerned in any manner whatsoever, in the construction, reconstruction, alteration and rehabilitation of such dams or other structures affecting the raising and/or establishing and maintaining the level of any lake, shall proceed in all respects in the same manner prescribed in and subject to each and every provision of chapter 264 of the Acts of the General Assembly of 1933." Acts of 1935, ch. 102, § 27-608, Burns' 1945 Pkt. Supp.

Section 8 of the Drainage Act (Acts of 1933, ch. 264, and § 27-108, Burns' 1933) reads as follows:

> "Sec. 8. If, within twenty (20) days, exclusive of Sundays, from the day set for the docketing of such petition, the owners of two-thirds in area of the acreage of the lands named as such in the petition,

or who may be affected by an assessment of benefits or damages, shall remonstrate in writing against the construction of such drain or ditch, such petition shall be dismissed at the cost of the petitioners."

October 14, 1946, was the day set for docketing this proceeding and the remonstrance was filed on November 4, 1946, within the time allowed by statute.

Appellants contend that § 2 of the Lake Levels Act does not indicate a legislative intent that the two-thirds remonstrance section of the Drainage Act (§ 8) should or could be used in a proceeding under the Lake Levels Act. They contend that, on the contrary, the fact that the Lake Levels Act provides that proceedings thereunder shall be instituted by owners of land lying within 440 yards of the Lake involved indicates a legislative intent that such proceedings shall not be vetoed by remonstrance under § 8 of the Drainage Act by owners of land lying much farther away, and the State Department of Conservation, as amicus curiae, contends that to permit distant owners to kill the project by remonstrance would have the practical effect of nullifying the Lake Levels Act. But it must be observed that § 1 of the Lake Levels Act specifically provides that the petition to establish and maintain the level of a lake shall conform to and be similar, as far as possible, to the form and provisions of a petition in drainage proceedings, and § 4 of the Drainage Act (§ 27-104, Burns' 1933), provides that the petition shall describe the lands which it is believed will be affected and give the names of the owners thereof, so that it would appear that the legislature intended that owners of land affected by the proposed fixing of the lake level should be considered whether within a quarter of a mile from the lake or not.

Appellees contend that § 2 of the Lake Levels Act is clear and unambiguous and that such a statute is not subject to construction but must be held to mean what it plainly says. *Cheney* v. *State, ex rel.* (1905), 165 Ind. 121, 125, 74 N. E. 892; *Leach* v. *City of Evansville* (1937), 211 Ind. 444, 446, 7 N. E. 2d 207; *Taelman* v. *Bd. of Fin. of School City of South Bend* (1936), 212 Ind. 26, 33, 6 N. E. 2d 557. We agree with this position of appellees. To us § 2 of the Lake Levels Act speaks clearly and plainly. It shows a very definite intent upon the part of the legislature that proceedings to establish and maintain lake levels shall be subject to the procedural provisions of the Drainage Act and there is nothing in the Lake Levels Act to indicate that § 8 of the Drainage Act is excepted from this intent of the legislature. Section 8 of the Drainage Act permitted the remonstrance which was filed in this proceeding and the court, after a hearing, found that the facts alleged in the remonstrance were true and that the remonstrance should be sustained and the petition should be dismissed. It may seem harsh that persons far removed from a lake may veto by remonstrance the establishment of a lake level desired by those living close to the lake but that was a problem for the legislature and not for us. We are not permitted to consider the wisdom or propriety of what the legislature has done.

We hold that § 2 of the Lake Levels Act of 1935 permits remonstrances in accordance with § 8 of the Drainage Act of 1933, and that the court did not err in dismissing the proceeding.

Judgment affirmed.

NOTE.—Reported in 79 N. E. 2d 389.