DOUGHTY v. STATE DEPARTMENT OF PUBLIC WELFARE, MADISON COUNTY WELFARE DEPARTMENT, INDIANA.

[No. 29,101. Filed March 3, 1954. Rehearing denied April 1, 1954.]

214

*Lawrence Booram* and *Grace B. DeArmond,* of Anderson, for appellant.

*William L. Peck,* of Anderson, and *Oscar C. Crawford,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellees brought this action to recover from appellant the sum of $2,312.20 received by him as old age assistance and medical benefits under the provisions of ch. 12 of the Public Welfare Act.[1]

The complaint alleges that defendant (appellant) was a recipient of old age and medical assistance from the State and Madison County Welfare Departments from May 1, 1949 to April, 1953; that the last payment

---

1. Sections 52-1201—52-1220, Burns' 1951 Replacement.

of assistance, in the amount of $45.50, was made in April, 1953; that appellant signed and executed an agreement to reimburse the county and state as provided in §52-1213, Burns' 1951 Replacement; that on March 24, 1953 appellant, by the settlement of a claim for certain services rendered by him to the decedent of an estate then pending in the Madison Circuit Court, was allowed the sum of $6,000; and that plaintiffs "have reasons to believe" that if said money is paid to defendant (appellant) it will be "dissapated ans said Plaintiffs herein will be unable to compel reimbursement of the funds expended by them."

The prayer was for the attachment or impoundment of $2,312.20 of the allowance, and an order requiring defendant (appellant) to reimburse and repay plaintiffs the total sum received by defendant as old age assistance and medical care.

To this complaint defendant filed his demurrer for want of facts sufficient to state a cause of action.

Upon motion of plaintiffs the court impounded the sum of $2,312.20 of appellant's said allowance and ordered the clerk to pay over to him the balance of $3,687.80. The demurrer was overruled. Defendant refused to plead further, and judgment was rendered on the demurrer and the clerk of the court ordered to release to plaintiffs (appellees) the impounded sum of $2,312.20.

The overruling of appellant's demurrer is the sole error assigned. This presents the question—Can the Welfare Department enforce recovery, during the lifetime of the recipient, of benefits paid—in the absence of fraud, the payment of any excess assistance, or the necessity to protect public interest (§52-1215, Burns' 1951 Replacement)—in the event he comes into possession of any property or income in excess of the amount stated in his application?

No fraud, excess payments, or any necessity to better protect public interest is alleged in the complaint. Neither are facts alleged from which any of these may be inferred. Hence, appellees' complaint does not state a cause of action under those sections of the act[2] which provide for the recovery of assistance payments under such circumstances.

The Department of Public Welfare is created by statute and has only such powers as are specifically granted, including those necessary and incidental to their enforcement. It is necessary then to examine the statute creating the Department of Public Welfare to ascertain its power to bring the action herein.

In construing a statute the court must consider the whole act and, if possible, effect must be given to every word and clause therein. *City of East Chicago* v. *State ex rel. Pitzer* (1949), 227 Ind. 241, 84 N. E. 2d 588; *Olszewski* v. *Stodola* (1948), 226 Ind. 639, 82 N. E. 2d 256; *Dowd, Warden* v. *Johnston* (1943), 221 Ind. 398, 47 N. E. 2d 976.

Appellees are here attempting to enforce, during the lifetime of recipient, the statutory welfare lien against personal property to recover old age and medical benefits paid such recipient prior to his coming into possession of such property.

Acts 1947, ch. 144, §4, p. 450, §52-1215, Burns' 1951 Replacement, *supra,* prescribes the procedure for compelling the recipient to repay assistance benefits, and is as follows:

"(a) If at any time during the continuance of assistance to any aged person, the recipient thereof becomes possessed of any property or income in excess of the amount stated in the application provided for in section 35 [§52-1204] of this act, it

2. Sections 52-1215 and 52-1207, Burns' 1951 Replacement.

shall be the duty of the recipient to notify the county department immediately of the receipt or possession of such property or income and the county department may, after investigation, either cancel the assistance or alter the amount thereof in accordance with the circumstances. Any excess assistance paid shall be recoverable by the county as a debt due to the state and the county in proportion to the amount of the assistance paid by each, respectively; (b) If during the life or on the death of any aged person receiving assistance, it is found that the recipient was possessed of income or property in excess of the amount reported, and if it be shown that such assistance was obtained fraudulently, the total amount of the assistance plus a penalty of twenty [20] per cent may be recovered by the state and county departments as a preferred claim from the estate of the recipient or in an action brought against the recipient while living."

It is clear from the provisions of this section that the department may enforce the lien against a recipient who comes into possession of property or income in excess of the amount reported in his application under two, and only two, circumstances: (1) where excess assistance has been paid, it may be recovered as a debt due the state and county; and (2) where assistance has been fraudulently received. Neither of these circumstances is alleged in the complaint herein.

It is then clear that if appellees can maintain the action herein, the power to do so must spring from some other section or provision of the act.

Section 1, ch. 144 of the Acts of 1947, p. 447, being §52-1207, Burns' 1951 Replacement, provides that one copy of the certificate granting assistance shall be filed in the office of the county recorder and that "From the date on which such certificate is filed in the office of the county recorder, it shall be

and constitute due notice of a lien against the recipient and his estate for any amounts recoverable under this act, and shall give a specific lien in favor of the state and county departments against the real property of the recipient, which lien shall continue from the date of the filing of such notice, until such lien is satisfied, and which lien shall take priority over any other lien subsequently acquired. . . . Said departments may at any time, assert the lien against other claimants or lien holders in protection of the homestead or other real estate of the recipient." This section provides only (1) that the certificate filed shall be and constitute notice of a lien against the recipient and his estate; (2) that it creates a specific lien against the *real property* of recipient; (3) that the department may assert the lien against other lien holders in protection of recipient's real estate.

Section 2, ch. 144 of the Acts of 1947, p. 447, being §52-1213, Burns' 1951 Replacement, *supra,* requiring an agreement by recipient to reimburse the county and state provides that such agreement shall "create and constitute a lien upon the *real property* of the recipient" only. (Our italics.)

Section 3, ch. 144, of the Acts of 1947, p. 447, being §52-1214, Burns' 1951 Replacement, authorizes the recovery of assistance paid, as follows: "Upon the death of any person who is a recipient of aged assistance, a claim shall be filed against his estate by the county department of public welfare for recovery of all assistance paid to or on behalf of such person from and after May 1, 1947."

It has been held that the term "estate" as used in a similar statute means and applies to estates of deceased recipients. *City of Worcester* v. *Quinn* (1939), 304 Mass. 276, 23 N. E. 2d 463, 125 A. L. R. 707.

We believe the legislature intended the same use of the term "estate" in §52-1214, *supra*.

From a consideration of all sections of the act pertaining to the recovery of assistance under the lien provisions, we conclude that the legislature intended (1) that the assistance payments constitute and create a specific lien only upon the real estate of the recipient; and (2) that in the absence of excess payments, fraud, or the better protection of public interest, assistance payments may be recovered by the Welfare Department as a lien against the recipient's estate, after his death.

Since appellant's property upon which appellees seek to foreclose a statutory welfare lien is personal property and not real estate, and since no fraud or excess payments are alleged, the complaint does not state facts sufficient to state a cause of action against appellant. It was, therefore, error to overrule appellant's demurrer.

The judgment of the trial court is reversed with instructions to sustain appellant's (defendant's) demurrer.

Draper, C. J., Emmert, Flanagan, and Gilkison, JJ., concur.

NOTE.—Reported in 117 N. E. 2d 651.