ROBERT J. KOUGHN *v.* UTRAD INDUSTRIES, INC.

[No. 571A98. Filed November 30, 1971.]

*William N. Mills, Bangs, Mills & Rollo,* of Huntington, for appellant.

*Geoffrey Segar, Ice Miller Donadio & Ryan,* of Indianapolis, for appellee.

HOFFMAN, C.J.—In this appeal, appellant seeks to set aside and vitiate the award of the Full Industrial Board of Indiana entered on November 21, 1968. On May 6, 1971, the Full Industrial Board of Indiana entered an order denying plaintiff-appellant's motion to set aside and vitiate such award. Appellant's sole assignment of error is that "the award of the Full Industrial Board of Indiana dated the 6th day of May, 1971, is contrary to law."

Appellee's verified motion to dismiss plaintiff-appellant's motion to set aside and vitiate award, which is in the record before us, reveals that employee-appellant made a $25,000 settlement with a third party. Such settlement is acknowledged in the briefs filed herein by both appellant and appellee, and was confirmed by counsel for the litigants in oral argument.

Under the express language of IC 1971, 22-3-2-13, Ind. Ann. Stat. § 40-1213 (Burns 1971 Supp.) this settlement bars any further compensation from the employer, or such employer's compensation insurance carrier. Section 40-1213, *supra,* reads, in pertinent part, as follows:

"Liability of third person—Subrogation of employer—Lien on award to employee—Notice to employer if employee

sues—Settlements—When action barred—Costs—Attorney fees—Release and satisfaction.—Whenever an injury or death for which compensation is payable under this act [§§ 40-1201—40-1414], shall have been sustained under circumstances creating in some other person than the employer and not in the same employ a legal liability to pay damages in respect thereto, the injured employee, or his dependents in case of death, may commence legal proceedings against such other person to recover damages notwithstanding such employer's or such employer's compensation insurance carrier's payment of or liability to pay compensation under this act. In such case, however, *if the action against such other person is brought by the injured employee or his dependents and judgment is obtained and paid, and accepted or settlement is made with such other person, either with or without suit, then from the amount received by such employee or dependents there shall be paid to the employer, or such employer's compensation insurance carrier, the amount of compensation paid to such employee or dependents, plus the medical, surgical, hospital and nurses' services and supplies and burial expenses paid by the employer or such employer's compensation insurance carrier and the liability of the employer or such employer's compensation insurance carrier to pay further compensation or other expenses shall thereupon terminate,* whether or not one [1] or all of the dependents are entitled to share in the proceeds of the settlement or recovery and whether or not one [1] or all the dependents could have maintained the action or claim for wrongful death." (Emphasis added.)

Cases cited by appellant were based on language of this statute prior to its amendment in 1947. By this amendment the requirement for an "election of remedies" was removed and replaced with the language quoted above. Neither counsel nor this court have been able to find a judicial interpretation of this portion of the statute in its present form. Even so, this court can perceive neither clearer nor simpler language to delineate the legislative intent behind the above section. To repeat the words of the statute, "if the action against such other person is brought * * * and judgment is * * * accepted or settlement is made * * * the liability of the employer * * * to pay further compensation or other expenses shall thereupon terminate, * * *."

Appellant's assertion that he has repaid the employer's workmen's compensation insurance carrier in full is of no avail since that is exactly what the statute requires. We, therefore, hold that the rights of employee-appellant were in no way prejudiced by the Board's decision.

Appellant has raised other issues, however, the above holding renders these issues moot and further discussion thereof would result in no more than mere *obiter dictum.*

The award of the Full Industrial Board of Indiana entered on May 6, 1971, is affirmed.

Sharp, Staton and White, JJ., concur.

NOTE.—Reported in 275 N. E. 2d 572.