INDIANA STATE HIGHWAY COMMISSION ET AL. *v.*
NANCY E. WHITE.

[No. 173S7. Filed January 19, 1973.]

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellant.

*Jerrald A. Crowell, Bowman, Crowell & Swihart,* of Fort Wayne, for appellee.

DEBRULER, J.—An appeal in this case was taken to the Court of Appeals which rendered an opinion as *Indiana State Highway Commission, et al.* v. *Nancy E. White* (1971), 269 N. E. 2d 763, reversing the trial court judgment. The appellee below petitioned this Court for transfer. Oral

argument was held in this Court on the petition. The appellee's petition is now granted and the opinion and order of the Court of Appeals is now ordered vacated.

Appellee-plaintiff sought a declaratory judgment in the trial court construing IC 1971, 22-3-2-13, being Burns § 40-1213, as it relates to attorney fees with respect to a sum realized as the result of the settlement of a death claim with a third party. Appellee is a widow whose husband was struck and killed while working for appellant, by an automobile operated by a third person. After the accident the Industrial Board granted the following workmen's compensation award to appellee and her two minor children:

| | |
|---|---|
| Medical and Hospital Expenses | 818.85 |
| Funeral Expenses | 768.00 |
| Total Weekly Compensation Benefits | 19,440.00 |
| Total Award | 21,026.85 |

While still collecting weekly benefits under the award, appellee, acting as administratrix of her deceased husband's estate, settled the wrongful death claim with the third party tortfeasor who was responsible for her husband's death. The amount of the settlement does not appear in the record. After the settlement a dispute arose between the parties as to the proper computation of attorney fees for which appellant was chargeable under the terms of the above section of the Workmen's Compensation Act, which dispute culminated in the judgment here appealed from.

Burns § 40-1213, *supra*, consisted at all times relevant to this case of eight unnumbered paragraphs. The first paragraph declares the right of injured employees or surviving dependents to maintain common law actions against third party tortfeasors notwithstanding the provisions of the Act. When collection of a judgment or settlement has occurred, then in such case:

*"from the amount received by such employee or dependents there shall be paid to the employer, or such employer's compensation insurance carrier, the amount of compensation paid to such employee or dependents,* plus the medical, surgical, hospital and nurses' services and supplies and burial expenses paid by the employer or such employer's compensation insurance carrier *and the liability of the employer or such employer's compensation insurance carrier to pay further compensation or other expenses shall thereupon terminate,* whether or not one or all of the dependents are entitled to share in the proceeds of the settlement or recovery and whether or not one or all the dependents could have maintained the action or claim for wrongful death." (Emphasis added.)

The fourth and fifth paragraphs provide that in the event an injured employee or surviving dependents commence legal proceedings against the third party tortfeasor and subsequently dismiss the action, or fail altogether to institute such an action, then:

*"the employer or such employer's compensation insurance carrier, having paid compensation or having become liable therefor, may collect* in their own name, or in the name of the injured employee, or, in the case of death, in the name of his dependents, *from the other person in whom legal liability for damages exists, the compensation paid or payable to the injured employee, or his dependents* plus such medical, surgical, hospital and nurses' services and supplies, and burial expenses paid by the employer or such employer's compensation insurance carrier or for which they have become liable." (Emphasis added.)

Although no mention is made here of attorney fees it is quite obvious that the employer or carrier would be required to pay for the legal services necessary to maintain its subrogation action, and could not deduct any part of the cost of those services from the compensation due a claimant.

The seventh paragraph is most relevant here and sets forth the formula for determining counsel fees. It provides:

"In such actions brought as hereinabove provided by the employee or his dependents, he or they shall, within fifteen

days after such action is filed, notify the employer or such employer's compensation insurance carrier by personal service or registered mail of such fact and of the name of the court in which suit is brought, filing proof thereof in such action. *Out of any reimbursement received by the employer or such employer's compensation insurance carrier pursuant to this section, they shall pay* their pro rata share of all costs and reasonably necessary expenses in connection with such third party claim, action or suit and *to the attorney at law selected by the employee or his dependents, a fee of twenty-five per cent, if collected without trial, of the amount of benefits which benefits shall consist of the amount of reimbursements,* after the expenses and costs in connection with such third party claim have been deducted therefrom, and a fee of thirty-three and one-third per cent, if collected after trial, of the amount of such benefits after deduction of said costs and reasonably necessary expenses in connection with such third party claim action or suit." (Emphasis added.)

The appellant employer in this case maintains that under this formula for calculating attorney fees, it is properly chargeable with twenty-five per cent of the money it has actually paid out pursuant to the award, for which it is entitled to be "reimbursed", while on the other hand appellee widow contends that the appellant employer should be charged under the terms of this statute with twenty-five per cent of the gross award of the Industrial Board. In this case, the trial court agreed with the appellee widow and ordered that the attorney fees for which the appellant is chargeable be calculated on the basis of twenty-five per cent of the award. When, as here, we are called upon to construe a statute, it must first be decided whether or not the above provisions are uncertain and ambiguous so as to warrant construction. *Grody* v. *State* (1972) 257 Ind. 651, 278 N. E. 2d 280; *Eads* v. *J. & J. Sales Corp.* (1971) 257 Ind. 485, 275 N. E. 2d 802; *Reome* v. *Edwards* (1948), 226 Ind. 229, 79 N. E. 2d 389; *Leach* v. *City of Evansville* (1937), 211 Ind. 444, 7 N. E. 2d 207. This section of the Act provides an employer shall have a lien on a third party judgment or settlement for payments

actually made pursuant to an award, and in addition is relieved of making further unpaid compensation payments pursuant to the award. *Koughn* v. *Utrad Industries, Inc.* (1971), 150 Ind. App. 110, 275 N. E. 2d 572. Appellant contends that the "reimbursements", which form the basis for calculating the attorney fees chargeable to the employer, properly include *only* an amount equal to the aggregate of the payments made to the employee, while appellee contends that the same term "reimbursements" implies an indemnification and should be interpreted to include in addition to the aggregate of payments made, the value an employer receives when his duty to pay future installments of compensation, pursuant to an award, is terminated. In light of the several advantages flowing to an employer in a case such as this, and in light of the purpose this section is intended to accomplish, as later discussed, we conclude that the use of the term reimbursements in the context here, renders this section ambiguous, and establishes the necessity of an interpretation by the trial court and this Court.

Since this section is part of our Workmen's Compensation Act, we recognize our duty to construe it liberally in order that its humane purposes be accomplished. *Blue Ribbon Pie Kitchens* v. *Long* (1951), 230 Ind. 257, 103 N. E. 2d 205; *Pollock* v. *Studebaker Corp.* (1951), 230 Ind. 622, 105 N. E. 2d 513. And as always, when we are called upon to construe words and phrases in a single section of a statute, we must construe them together with the other parts of the same section and with the statute as a whole. They must be construed in harmony with the intent the Legislature had in mind, in order that the spirit and purpose of the statute be carried out. *Zoercher* v. *Indiana Associated Telephone Corp.* (1936), 211 Ind. 447, 7 N. E. 2d 282. As we read the seventh paragraph of § 40-1213 quoted above and consider the use of the word "reimbursement" in it in context with the remainder of the section, the purpose the Legislature had in mind in enacting it becomes apparent. It was to free

the injured workman or deceased workman's dependents from paying attorney fees for legal services for recovering the equivalent of the employer or compensation insurance carrier subrogation claim. In effect, the Legislature intended that the ultimate recovery of the employee should not be diluted by having to pay that portion of the attorney fees required to collect that, which the injured employee or surviving dependents are entitled to collect under a compensation award, without any suit or settlement. Central to the purpose of the entire Act are the fixed and permanent duty of the employer to compensate the injured employee or surviving dependents; and the fixed and permanent right of the injured employee or surviving dependents to receive compensation. In a case such as this neither the duty of the employer nor the rights of the employee are diminished by reason of the existence of a valid claim for damages against a third party tortfeasor. If the employee does not wish to institute his common law action against the third party, he need not do so, and may look to his employer for compensation. If he does not institute the action, his employer may do so based upon his right of subrogation and may collect an amount equal to the entire award of the board. However, an employer must pay attorney fees when instituting its own subrogation suit and we construe the provisions of this section with regard to attorney fees as requiring it do so when that same goal is achieved by its employee's suit.

In addition, the Legislature obviously recognized that a judgment or settlement by an injured employee or a deceased employee's dependents, inures to the benefit of the employer or its compensation insurance carrier in every case (except where an assignment of a small judgment to the employer has taken place) to the full extent of the employer's obligation under the Act. *Koughn* v. *Utrad Industries, Inc., supra.* It is therefore fair and equitable that an employer should pay counsel's fee for recovering that which inures to its benefit.

In construing this section, and the term "reimbursements" as used in it, we conclude that the attorney fee for which the employer or its compensation carrier is chargeable in a case such as this, is properly calculated as a percentage of the award, and not as a percentage of the sum actually paid out by the employer or carrier pursuant to the award. In so holding, we are persuaded by the construction given an almost identical New Jersey statute utilizing the term "reimbursement", in the cases of *Travelers Insurance Co.* v. *Lumber Mutual Casualty Ins. Co. of New York* (1952), 20 N. J. Super. 265, 89 A. 2d 717, and *Caputo* v. *Best Foods, Inc.* (1955), 17 N. J. 259, 111 A. 2d 261, cited by appellee. Since the trial court properly construed the statute and applied it in this case, the judgment is affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 291 N. E. 2d 550.