EVANSVILLE-VANDERBURGH COUNTY DEPARTMENT OF HEALTH
*v.* THE EVANSVILLE PRINTING CORPORATION, THE EVANSVILLE
COURIER NEWSPAPER, INCORPORATED, AND THE EVANSVILLE
PRESS NEWSPAPER, INCORPORATED.

[No. 1-1274A177. Filed August 20, 1975. Rehearing denied September
24, 1975. Transfer denied March 25, 1976.]

438

*Cox, Schroeder, Dodd, Mitchell, Terry & Appel,* of Evansville, for appellant.

*Harry P. Dees, Kahn, Dees, Donovan & Kahn,* of counsel, of Evansville, for appellees.

LYBROOK, J.—Plaintiff-appellant Evansville-Vanderburgh County Department of Health (local Health Officer) initiated this declaratory judgment action seeking a determination of whether its governing statutes require disclosure to defendant-appellee newspapers of information concerning the cause of death of individuals. From a judgment declaring the right of the newspapers to receive such information on request, the local Health Officer appeals.

Those findings of fact and conclusions of law relevant to consideration of the issues presented herein appear in the record as follows:

"FINDINGS OF FACT

* * *

3. That L. D. Seits, a reporter for the defendant The Evansville Press Company, Inc., in the latter part of May or early part of June, 1973 went to the office of the Evansville-Vanderburgh County Department of Health and requested of the health officer of the City of Evansville-Vanderburgh County to inspect the medical certificate of death or death certificate signed by a physician or coroner of a certain individual who had died in this county. That said department and local health officer refused access to this information to the said Seits; that thereupon Seits tendered $2.00 and requested a Local Certified Record of Death of such individual, showing the cause of death, and this was likewise refused. That the defendants may from time to time seek information within the control of the plaintiff regarding cause of death of persons who have died in Vanderburgh County, Indiana, and that the plaintiff, Evansville-Vanderburgh County Department of Health, has refused to divulge this information to the defendants or reporters in the past and unless otherwise ordered by this court will refuse to do so in the future.

4. . . . the only record in the possession of the Evansville-Vanderburgh County Department of Health and the local health officer of a specific individual's death is the form provided by the Indiana State Board of Health entitled 'Medical Certificate of Death', which is presented by the funeral director or person in charge of interment to the attending physician to certify and sign said certificate showing the cause of death. . . .

\* \* \*

6. That the Evansville-Vanderburgh County Department of Health and the local health officer of the City of Evansville, Vanderburgh County, Indiana, at the time of filing of this action, for many years prior thereto, since said time and to the present date, have on request of any person, except the defendant newspapers or their reporters, issued for a fee of $2.00 (formerly $1.00) a certificate entitled 'Local Certified Record of Death' which shows the primary cause of death of any person dying in Vanderburgh County.

\* \* \*

## CONCLUSIONS OF LAW

\* \* \*

3. That the law is with the defendants and that the plaintiff is entitled to a declaratory judgment in this action pursuant to Trial Rule 57 and IC 1971, 34-4-10-2 (Burns Indiana Statutes 3-1102) interpreting the statutes and declaring the rights and other legal relationships of the parties.

4. That the following statutes require that upon the death of a person dying in Vanderburgh County, Indiana and upon a stillbirth occurring in Vanderburgh County, Indiana there shall be filed in the office of the local health officer, which in this case would be the plaintiff, a certificate of death or stillbirth upon which the physician last in attendance or the coroner or the local health officer shall certify the cause of death; IC 1971, 16-1-17-1 through 16-1-17-5 (Burns Indiana Statutes 35-1901 through 35-1905).

5. That by virtue of IC 1971, 16-1-17-6 (Burns Indiana Statutes 35-1906), and by virtue of the Hughes Anti-Secrecy Act, IC 1971, 5-14-1-2 through 5-14-1-5 (Burns Indiana Statutes 57-601 through 57-605) such certificates of death or stillbirth which contain the cause of death of the deceased, including the document currently in use called 'Indiana State Board of Health Medical Certificate of Death' and which is attached as Exhibit A to the Findings of Fact, or any form substituted therefor which certifies the cause of death, are public records of the local health board,

the plaintiff in this case, and such records are open to public inspection, including making memoranda abstracts from the records so inspected, by members of the public, including the defendants herein, their reporters, agents and employees, at all reasonable times during the office hours of the local health board.

6. That by virtue of IC 1971, 16-1-19-1 and 16-1-19-2 (Burns Indiana Statutes 35-2101 and 35-2102) any member of the public, including the defendants herein, their reporters, agents and employees, may request from the local health officer or employees of plaintiff a certificate of death or stillbirth on the form currently entitled 'Local Certified Record of Death" an example of which is attached as Exhibit B to the Findings of Fact, or any form substituted therefor, and which certificate shall show the cause of death or stillbirth from the records of the local health officer, upon the payment, currently, of a fee of $2.00, or any legal fee permissible by law, except that the persons enumerated in subsections 1, 2 and 3 of IC 1971, 16-1-19-1 (Burns Indiana Statutes 35-2101) shall not be required to pay such fee."

In this appeal, the local Health Officer argues that the trial court erred in its conclusions of law nos. 5 and 6 and that under the relevant statutes, information within its control concerning the cause of an individual's death is confidential.

I.

The Public Health Code of Indiana provides for the filing of certificates of death or stillbirth with the local Health Officer of the jurisdiction in which death or stillbirth occurs. IC 1971, 16-1-17-1 (Burns Code Ed.). Upon the certificate, the physician last in attendance upon the deceased or, if none, the local Health Officer, must certify the cause of death. IC 1971, 16-1-17-3—16-1-17-4 (Burns Code Ed.).

The first question which we must consider is whether the certificates of death are confidential or whether they are public records as the trial court found in its conclusion of law no. 5.

Defendant newspapers argue that certificates of death are expressly made public records by virtue of IC 1971, 16-1-19-1 (Burns Code Ed.), which provides:

"Certificates—Provision on request.—A local health officer shall provide a certificate of birth, death, or stillbirth registration upon request by any person. [Acts 1949, ch. 157, § 1235, p. 416.]"

The error in defendants' argument lies in their interpretation that the document required to be issued under this section is the certificate of death required to be filed pursuant to IC 1971, 16-1-17-1, *supra*. They reach this position by urging that the word "registration" modifies only the word "stillbirth". However, an examination of other sections of the Health Code fails to lend support to such a construction and compels the conclusion that "registration" modifies the words "birth", "death", and "stillbirth". Defendants' assertion that their proposed construction is grammatically compelled by the use of the conjunction "or" is incorrect. Therefore, the relevant document required to be issued under IC 1971, 16-1-19-1, *supra,* is a certificate of death registration. For reasons which will be discussed in part II *infra* of this opinion we conclude that this document is not the certificate of death required to be filed by IC 1971, 16-1-17-1, *supra*. Therefore, defendants' argument that certificates of death are public records by virtue of IC 1971, 16-1-19-1, *supra,* must fail.

The certificates of death filed with the local Health Officer provide the source of data for the compilation and maintenance of other records. IC 1971, 16-1-17-6 (Burns Code Ed.), provides:

"Permanent records.—The local health officer from such stillbirth and death certificates, shall make a permanent record of the name, sex, age, place of death, and residence of deceased, which records shall be open to public inspection. The local health officer may also make records of such other data in connection with such deaths which he may desire for statistical purpose or for the purpose of planning health programs which latter records shall not be public records. [Acts 1949, ch. 157, § 1227, p. 416.]"

This section specifically provides that certain records compiled from the certificates of death shall be public records

while others shall be confidential. It does not specifically state whether the certificates of death themselves shall be public or confidential. However, the local Health Officer contends that this section implies a legislative intent that the certificates are confidential and not public records.

This position is reached by arguing that the purpose of this section is to render confidential all items of information appearing on the certificates of death other than those items designated to be transcribed in the record open to public inspection. However, we do not agree that such an interpretation is compelled. Initially, had the legislature intended by this section to render either public or confidential the particular items of information themselves, it could have specifically so stated as in the comparable section governing records to be made from certificates of birth, which provides:

> "Permanent records—Illegitimacy.—The local health officer from such birth certificate shall make a permanent record of the name, sex, date of birth, place of birth, name and birthplace of parents, and the date of filing of the certificate of birth which record shall be open to public inspection. Provided, however, That records of the birth of children born illegitimately shall be kept in a separate record and shall not be open to public inspection. *Disclosure of illegitimacy of birth or of information from which it can be ascertained may be made only upon order of a court or the judge thereof.* [Acts 1949, ch. 157, § 1210, p. 416.]" (Our emphasis.) IC 1971, 16-1-16-6 Burns Code Ed.).

Secondly, reasons for rendering confidential those records compiled for statistical purposes or purposes of health planning exist independent of any desire to protect particular items of information. For example, the legislature could have envisioned that the maintenance of such records in a form readily accessible to the public would be sufficiently burdensome as to impair their usefulness or even deter their undertaking, thereby impeding the development of useful health planning programs.

In the absence of specific provision in the Health Code, we believe that the trial court was correct in seeking guidance

from IC 1971, 5-14-1-1—5-14-1-6 (Burns Code Ed.), more commonly known as the Hughes Anti-Secrecy Act, in determining the question of the confidentiality of certificates of death.

IC 1971, 5-14-1-3, *supra,* provides generally:

"Right of inspection of public records.—Except as may now or hereafter be otherwise specifically provided by law, every citizen of this state shall, during the regular business hours of all administrative bodies or agencies of the state, or any political subdivision thereof, have the right to inspect the public records of such administrative bodies or agencies, and to make memoranda abstracts from the records so inspected. [Acts 1953, ch. 115, § 3, p. 427.]"

It cannot be doubted that certificates of death are "public records" within the definition of the Act, inasmuch as they are required to be made by statute. See, IC 1971, 5-14-1-2, *supra.* Further, the local Health Officer's argument that the Health Code implies a legislative intent that the certificate of death remain confidential should be rejected in light of the following rule of construction, expressed at IC 1971, 5-14-1-1, *supra*:

"Construction of act.—Pursuant to the fundamental philosophy of the American constitutional form of representative government which holds to the principal [principle] that government is the servant of the people, and not the master of them, it is hereby declared to be the public policy of the state of Indiana that all of the citizens of this state are, unless otherwise expressly provided by law, at all times entitled to full and complete information regarding the affairs of government and the official acts of those whom the people select to represent them as public officials and employees.

"To that end, the provisions of this act [5-14-1-1—5-14-1-6] shall be liberally construed with the view of carrying out the above declaration of policy. [Acts 1953, ch. 114, § 1, p. 427.]"

Upon the foregoing considerations, we conclude that the local Health Officer has failed to demonstrate error in the trial court's conclusion of law no. 5.

## II.

The second issue presented for review is whether the trial court erred in its conclusion of law no. 6 construing IC 1971, 16-1-19-1, *supra*, to require issuance by the local Health Officer of a certificate showing the cause of death.

As we have previously concluded, the document required to be issued by this section is a certificate of death *registration*. We have also concluded that this document is not the certificate of death required to be filed by IC 1971, 16-1-17-1, *supra*. This latter determination rests upon the established principle of construction that all language in a statute will be deemed to have been used intentionally. *Engle* v. *City of Indianapolis* (1972), 151 Ind. App. 344, 279 N.E.2d 827. Words or clauses in statutes are to be treated as surplusage only in the absence of any other possible course. *Kidwell* v. *State* (1967), 249 Ind. 430, 230 N.E.2d 590.

It cannot be doubted that defendant newspapers and their agents are "any person" within the meaning of IC 1971, 16-1-19-1, *supra*, and are therefore entitled to receive a certificate of death registration upon request and tender of the appropriate fee in accordance with IC 1971, 16-1-19-2 (Burns Code Ed.). The specific question which we must now address is whether such certificate must show the cause of death.

The problem with which we are confronted is that the term "certificate of death registration" is not defined by the Health Code. However, following examination of all relevant statutes we are of the opinion that consistency is achieved by an interpretation requiring the certificate to contain those items of information designated to be contained in the permanent public record required to be kept by IC 1971, 16-1-17-6, *supra*. The cause of death is not among the items of information specified in that section.

Therefore, the trial court erred in its conclusion of law no. 6 to the extent that it requires the certificate is-

sued pursuant to IC 1971, 16-1-19-1, *supra,* to contain the cause of death.

## III.

The local Health Officer has also attempted to support his argument for confidentiality of cause of death information by certain assertions grounded on public policy considerations. However, such assertions have not been supported by cogent legal argument or citation of authority, and therefore will not be made a subject of discussion in this appeal.

## CONCLUSION

The trial court in its conclusion of law no. 5 did not err in determining that certificates of death required to be filed by IC 1971, 16-1-17-1, *supra,* are public records open to inspection by members of the public, including defendant newspapers. Further, the trial court did not err in its conclusion of law no. 6 in determining that defendants are entitled to receive upon request and tender of the proper fee therefor the certificate of death registration required to be issued by IC 1971, 16-1-19-1, *supra.* However, the court erred in determining that the certificate required to be issued by IC 1971, 16-1-19-1, *supra,* must show the cause of death, and the court's conclusion of law no. 6 must be modified to that extent. In all other respects the judgment of the trial court should be and the same is hereby affirmed.

Affirmed as modified.

Robertson, C.J., and Lowdermilk, J., concur.

Note.—Reported at 332 N.E.2d 829.