Willie **BURKS**, Plaintiff–Appellant,

v.

Dean **BOLERJACK**, Sheriff, Office, St. Joseph County Sheriff, St. Joseph County, Indiana, Defendants–Appellees.

No. 3–479 A 97.

Court of Appeals of Indiana,
Third District.

Sept. 30, 1980.

---

1. For present law, see Ind. Code 35–42–4 1 (Supp.1980).

Robert L. Stephan, South Bend, for plaintiff–appellant.

Robert F. Gonderman, Steven L. Artusi, Gonderman Law Offices, A. Howard Williams, Richard J. McDonald, Patrick, McDonald, Connelly, Warter & Williams, South Bend, for defendants–appellees.

GARRARD, Presiding Judge.

Appellant Burks was employed as a jail guard at the St. Joseph County Jail in June 1975 when four inmates escaped. On June 13th Burks was formally charged with conspiracy to aid in a jail break.[1] He was brought to trial on April 16, 1976 but when the jury was unable to reach a verdict, a mistrial was declared. On May 27, 1977, the prosecuting attorney dismissed the pending charge. Burks then sent a notice of claim under the Indiana Tort Claims Act, IC 34–4–16.5–1 et seq., on October 12, 1976 and again on November 10, 1977.

Burks then brought this action for damages alleging false imprisonment, negligent filing of charges and malicious prosecution. Subsequently the court sustained motions to dismiss filed pursuant to Indiana Rules of Procedure, Trial Rule 12(B)(6) and entered judgment for all defendants upon all claims. This appeal was then perfected. It challenges whether the Tort Claims Act bars all aspects of Burks' claim.

We first point out that the pleading allegations which asserted that the sheriff was negligent in filing charges against Burks do not present an independent substantive ground for relief. Instead, the facts which might be proved thereunder would be material to establishing the probable cause element of either false imprisonment, *Mitchell v. Drake* (1977), Ind.App., 360 N.E.2d 195; or malicious prosecution, *Yerkes v. Washington Mfg. Co., Inc.* (1975), 163 Ind.App. 692, 326 N.E.2d 629.

 The action for malicious prosecution was properly dismissed as to all defendants.

---

1. The record before us is unclear as to the exact date charges were filed. However, Burks' motion to correct errors acknowledges June 13th, so we may adopt that date as correct for the purposes of decision.

This issue was considered and decided by the court in *Livingston v. Consol. City of Indianapolis* (1979), Ind.App., 398 N.E.2d 1302. The court there held that IC 34–4–16.5–3 provides governmental immunity to both a governmental entity and its employees acting within the scope of their employment for the initiation of judicial proceedings.[2] The trial court properly dismissed this claim since it cannot be contended that the sheriff was not within the scope of his employment in instituting the charge against Burks.

Concerning Burks' remaining claim of false imprisonment the issues concern his failure to give notice of claim before October 12, 1976. IC 34–4–16.5–7 provides that a claim is barred against a political subdivision unless notice of the claim is filed with the governing body of the subdivision within one hundred eighty (180) days after the loss occurs.

In *Livingston, supra,* the court held that the loss in a claim for false arrest or false imprisonment occurs upon the date of the arrest. Accordingly, Burks' claim against the county (and Office, St. Joseph County Sheriff) was barred by his failure to give the statutory notice within 180 days after June 13, 1975, and the court properly dismissed the claim as to those defendants.

Burks additionally argues, however, that this should be no bar to his claim against the sheriff in his individual capacity. The sheriff responds that the failure to give timely notice to the governmental subdivision also bars any action against him because IC 34–4–16.5–5(a) provides,

> "A judgment rendered with respect to or a settlement made by a governmental entity bars an action by the claimant against an employee whose conduct gave rise to the claim resulting in that judgment or settlement."

In *Delaware Co. v. Powell* (1978), Ind. App., 382 N.E.2d 958 the First District held that IC 34–4–16.5–5(a) did provide an effective bar to an action against an employee where judgment had been entered in favor of the city for the claimants' failure to give the 180 day notice. However, that decision was vacated on transfer granted by the Supreme Court, *Delaware Co. v. Powell* (1979), Ind., 393 N.E.2d 190, and this latter opinion did not consider the question. No other decision appears to have considered the proper application of the new statute under these circumstances.

It is clear that in enacting § 5(a) of the statute the legislature intended to protect a governmental employee from a separate individual suit where the injured party either effected a settlement with the governmental entity for his injuries, or where he prosecuted his claim to a judgment on the merits against the governmental entity. Moreover, the bare language of the section does not appear to create a distinction based upon whether a judgment in favor of the governmental entity was rendered upon a consideration of the merits or upon the failure of the claimant to give the timely notice required by IC 34–4–16.5–7.

The section should not, however, be construed in isolation. It must be construed in relation to the other sections of the act in an effort to follow the legislative intent and give effect to the spirit and purpose of the statute. *Indiana Hwy. Comm. v. White* (1973), 259 Ind. 690, 291 N.E.2d 550; *Thompson v. Thompson* (1972), 259 Ind. 266, 286 N.E.2d 657.

Section 3 provides immunity expressly to both a governmental entity and its employees acting within the scope of their employment in fourteen (14) areas of specified activity and section 3.5, as added by the Acts of 1979, adds a fifteenth for school employees who in good faith administer medication to pupils.

However, no mention of employees is made in sections 6 and 7 which respectively bar actions against the state and its political subdivisions unless the statutory notice is given. That exclusion in prior versions of

---

2. The statute provides, "A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from

. . . (5) the initiation of a judicial or administrative proceeding."

the act was held to preclude the alleged tortfeasor–employee from asserting lack of notice to the governmental entity as a defense. *Geyer v. City of Logansport* (1977), 267 Ind. 334, 370 N.E.2d 333, 337; *England v. City of Richmond* (7th Cir. 1969), 419 F.2d 1156.

It should also be noted that section 5(b) purports to afford the governmental entity discretion to pay a judgment or settlement against the employee where the action occurred in the scope of employment *and* the governor or governing body, as the case may be, determines that payment "is in the best interest of the governmental entity."[3]

Finally, we note that while the plain language of section 5(a) could be applied to bar a claim against a governmental employee individually where a judgment had been entered in favor of the political subdivision on the grounds of failure to comply with the notice requirements, the section has no apparent application to circumstances where the employee is sued but no action was commenced against the governmental entity. That would result in an absurd consequence. A claimant who had failed to give notice could properly sue the employee individually, but only in the event he had not sued or joined the governmental entity as a defendant. The legislature is not presumed to intend such consequences.

We therefore conclude that proper interpretation of section 5(a) does not bar an action by a claimant against a governmental employee individually where judgment has been entered in favor of the employing governmental unit *on the grounds* that the notice requirements of the statute were not complied with.

It follows that the judgment of the trial court is affirmed except as to the dismissal of Burks' claim against Sheriff Bolerjack, individually, for false imprisonment.[4] That portion of the judgment of dismissal is reversed and remanded for further proceedings.

Affirmed in part, reversed in part.

HOFFMAN, J., concurs.

STATON, J., dissents and files separate opinion.

STATON, Judge, dissenting.

I dissent. Only allegations of conduct which would amount to a waiver of the 180 day statutory notice or which would amount to an estoppel of asserting the notice defense could negate the rationale of Judge Lowdermilk in *Delaware Co. v. Powell* (1979), Ind., 382 N.E.2d 958. Justice Pivarnik, writing for the Supreme Court in *Delaware Co. v. Powell* (1979), Ind., 393 N.E.2d 190, clearly delineated the rationale for transfer being granted:

"When acts and conduct of the defendant or his agents have established that the purposes of the statute have been satisfied, these acts and conduct could constitute a waiver of notice or create an estoppel."

393 N.E.2d at 192. Justice Pivarnik further noted that:

"The Court of Appeals decision was based on their conclusion that the notice requirement is a procedural precedent and that 'a procedural precedent, once "properly placed in issue, cannot be subject to estoppel or waived as a result of prior actions of the defendant or its agents.'"

393 N.E.2d at 191. Therefore, summary judgment should not be granted where material, genuine issues of fact remain as to substantial compliance with the statutory notice.

In the case before us, Burks has not alleged any facts which would constitute waiver of substantial compliance with notice or has he alleged any facts which would constitute an estoppel. Without these allegations, it is my view that IC 34–4–16.5–5(a) clearly applies and that the trial court's judgment should be affirmed. The majority's reliance upon *Geyer v. City of Logans-*

---

3. In addition, section 18 permits the governmental unit to purchase insurance "to cover the liability of itself or its employees."

4. We express no opinion concerning the merits of that claim.

**152**

*port* (1977), Ind., 370 N.E.2d 333, 337 is misplaced. The plaintiff's action in *Geyer, supra,* was filed prior to the enactment of IC 34–4–16.5–5(a) and would have little bearing on the issue before this Court. I would affirm the judgment of the trial court.