Willie BURKS, Appellant (Plaintiff below),

v.

Dean BOLERJACK, Sheriff, Office, St. Joseph County Sheriff, St. Joseph County, Indiana, Appellees (Defendants below).

No. 1181S318.

Supreme Court of Indiana.

Nov. 10, 1981.

Robert L. Stephan, South Bend, for appellant.

Robert F. Gonderman, Steven L. Artusi, A. Howard Williams, Richard J. McDonald, Patrick, McDonald, Donnelly, Warter & Williams, South Bend, for appellees.

### ON PETITION TO TRANSFER

HUNTER, Justice.

This cause is before us on the petition to transfer of defendant Dean Bolerjack, who seeks review of the Court of Appeals' decision found at *Burks v. Bolerjack*, (1980) Ind.App., 411 N.E.2d 148 (Staton, J., dissenting). We hereby grant Bolerjack's petition to transfer and vacate the Court of Appeals' opinion insofar as the single issue raised in the petition is concerned. That issue is:

Whether Ind. Code § 34–4–16.5–5(a) (Burns 1980 Supp.) bars an action against a governmental employee when judgment has been granted to the employing governmental entity on the basis of tort claims notice requirements.

Other questions decided by the Court of Appeals are not at issue on the petition before us. The Court of Appeals' resolution of those questions therefore remains in full force and effect; we express no opinion regarding the disposition of those matters.[1]

This action originated from the escape of four inmates at the St. Joseph County Jail on June 1, 1975. Willie Burks, the plaintiff herein, was employed as a guard at the time of the jailbreak. On June 13, 1975, he was charged with conspiring to aid the inmates in their escape; he was placed in jail for a period in excess of twenty-four hours until he was released on bond. At his trial in April of 1976, a mistrial was declared due to the jury's inability to reach a verdict. Ulti-

mately, the criminal charge against Burks was dismissed upon motion of the prosecuting attorney.

Meanwhile, on October 12, 1976, Burks provided notice to the St. Joseph County Commissioners of his intention to sue the county for damages resulting from his arrest, incarceration, and prosecution. Named as defendants in the complaint ultimately filed were St. Joseph County and Bolerjack, who "was acting in his capacity as Sheriff . . . and as agent for St. Joseph County." Among the tortious conduct[2] alleged therein was a count for false imprisonment.

Defendants filed a motion to dismiss the cause based on the failure of Burks to provide notice of his intent to sue the county within 180 days of the alleged tortious conduct, as required by Ind. Code § 34–4–16.–5–7 (Burns 1980 Supp.). The trial court sustained the defendants' motion.

Burks appealed. Our Third District Court of Appeals correctly noted that a claim for false arrest or imprisonment accrues upon the date of the arrest or imprisonment. *Livingston v. Consol. City of Indianapolis*, (1979) Ind.App., 398 N.E.2d 1302. On that basis, the Court of Appeals properly upheld the dismissal of Burks's claim against the county on the basis of his failure to give timely notice. The Court of Appeals reversed, however, the dismissal of Burks's false imprisonment claim against defendant Bolerjack; the Court concluded that an action against a governmental employee was not barred by Ind. Code § 34–4–16.5–5(a), *supra*, when judgment had been entered in favor of the employing governmental entity on the basis of noncompliance with Tort Claims Act notice requirements.

---

1. By virtue of the Court of Appeals' decision, Burks's false imprisonment claim against Bolerjack was accorded a separate identity vis-a-vis other claims and parties, as per analogous principles regarding the consolidation of cases. See Harvey, 3 *Indiana Practice* § 42.1 p. 249 (1970). It is that "judgment and opinion" which are vacated and held for naught under Ind.R.Ap.P. 11(B)(3).

2. The complaint also included counts based on malicious prosecution and negligent filing of charges. The trial court's dismissal of these counts against both defendants was upheld by the Court of Appeals. The Court of Appeals' disposition of issues related to those counts constitutes those matters upon which no opinion is here expressed.

We note at this juncture that both the First and Second Districts of our Court of Appeals have confronted the precise question at bar and concluded that a suit against the governmental employee is barred by the statute. *Delaware County v. Powell*, (1978) Ind.App., 382 N.E.2d 958, *rev'd on other grounds*, (1979) Ind., 393 N.E.2d 190; *Coghill v. Badger*, (1981) Ind. App., 418 N.E.2d 1201 (petition for rehearing pending).[3]

■ Subsection "a" of Ind. Code § 34–4–16.5–5, *supra*, the particular statutory provision at issue, reads in its entirety:

"(a) A judgment rendered with respect to or a settlement made by a governmental entity bars an action by the claimant against an employee whose conduct gave rise to the claim resulting in that judgment or settlement."

The language of the statute is plain and unambiguous. If a governmental employee's conduct gives rise to a claim in tort against the employing governmental entity, any "judgment" rendered with respect to the governmental entity, or any "settlement" which the governmental entity executes, bars an action against an employee.

■ Notwithstanding the lack of ambiguity in subsection "a," the Court of Appeals employed rules of statutory interpretation in reaching its conclusion. *Burks v. Bolerjack, supra*, at 148. The Court of Appeals' resort to statutory construction was not warranted, for as this Court stated in *Indiana State Highway Commission v. White*, (1973) 259 Ind. 690, 694, 291 N.E.2d 550, 553:

"When, as here, we are called upon to construe a statute, it must first be decided whether or not the above provisions are uncertain and ambiguous so as to warrant construction. *Grody v. State* (1972) 257 Ind. 651, 278 N.E.2d 280; *Eads v. J. & J. Sales Corp.* (1971) 257 Ind. 485, 275 N.E.2d 802; *Reome v. Edwards* (1948), 226 Ind. 229, 79 N.E.2d 389; *Leach v. City of Evansville* (1937), 211 Ind. 444, 7 N.E.2d 207."

Our adherence to the rule enunciated above has been painstaking. *Whitacre v. State*, (1980) Ind., 412 N.E.2d 1202; *Grody v. State*, (1972) 257 Ind. 651, 278 N.E.2d 280; *Schwartzkopf v. State ex rel. Fettig*, (1965) 246 Ind. 201, 204 N.E.2d 342; *Reome v. Edwards*, (1948) 226 Ind. 229, 79 N.E.2d 389; *Sue Yee Lee v. Lafayette Home Hospital, Inc.*, (1980) Ind.App., 410 N.E.2d 1319.

■ The dismissal of Burks's suit against St. Joseph County was a "judgment" both final and appealable; it left nothing for resolution between the parties. *Coghill v. Badger, supra; Thompson v. Thompson*, (1972) 259 Ind. 266, 286 N.E.2d 657; *Richards v. Crown Point Community School Corp.*, (1971) 256 Ind. 347, 269 N.E.2d 5; *Seaney v. Ayres*, (1958) 238 Ind. 493, 151 N.E.2d 295. Consequently, under the plain meaning of Ind. Code § 34–4–16.5–5(a), *supra*, the trial court acted properly in dismissing Burks's false imprisonment claim against Bolerjack.

■ We recognize merit in the analytical assessment of the Court of Appeals that a literal application of the terms of subsection "a" of Ind. Code § 34–4–16.5–5, *supra*, potentially engenders a certain inconsistency. As Judge Garrard explained:

"Finally, we note that while the plain language of section 5(a) could be applied to bar a claim against a governmental employee individually where a judgment had been entered in favor of the political subdivision on the grounds of failure to comply with the notice requirements, the section has no apparent application to circumstances where the employee is sued but no action was commenced against the governmental entity. That would result in an absurd consequence. A claimant who had failed to give notice could properly sue the employee individually, but only in the event he had not sued or joined the governmental entity as a defendant. The legislature is not presumed to intend such consequences." *Burks v. Bolerjack, supra*, at 151.

---

**3.** No opinion is here expressed, implicity or otherwise, regarding other issues raised in *Cog-* *hill v. Badger, supra,* presently pending before the Court of Appeals on petition for rehearing.

However that may be, it is not our prerogative to vary from the plain meaning of the unambiguous terms employed by the legislature. *Indiana State Highway Commission v. White, supra.* The language *employed in a statute* is deemed to have been used intentionally. *Combs v. Cook,* (1958) 238 Ind. 392, 151 N.E.2d 144; *Doughty v. State Dept. of Public Welfare,* (1954) 233 Ind. 213, 117 N.E.2d 651; *Evansville-Vanderburgh C.D.H. v. Evansville P.C.,* (1975) 165 Ind.App. 437, 332 N.E.2d 829. If the legislature intends the term "judgment" to be interpreted contrary to its common meaning, it should clearly and concisely state that intent. *Guardian Life Ins. Co. of America v. Barry,* (1937) 213 Ind. 56, 10 N.E.2d 614; *Hummer v. School City of Hartford City,* (1953) 124 Ind.App. 30, 112 N.E.2d 891.

For the foregoing reasons, we hereby grant transfer, vacate the decision of the Court of Appeals, and affirm the judgment of the trial court.

Judgment affirmed.

GIVAN, C. J., and PIVARNIK, J., concur.

PRENTICE, J., concurs in result.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

Distinction is made in the Tort Claims Act between governmental entities and public employees. Claims against the State of Indiana, its agencies, and against political subdivisions are barred unless notice of them is given within one hundred eighty days after a loss occurs. Ind. Code §§ 34–4–16.5–6 and 34–4–16.5–7. However, the statute does not similarly bar claims against public employees for failure to give notice of them. The Act does, however, create a form of protection and assistance for public employees in the provision we are called upon to consider in this case. Those provisions state:

"(a) A judgment rendered with respect to or a settlement made by a governmental entity bars an action by the claimant against an employee whose conduct gave rise to the claim resulting in that judgment or settlement.

(b) Subject to the provisions of IC 34–4–16.5–4, IC 34–4–16.5–13, IC 34–4–16.5–14, and IC 34–4–16.5–15, the governmental entity shall pay any judgment, compromise, or settlement of a claim or suit against an employee when the act or omission causing the loss is within the scope of his employment, regardless of whether the employee can or cannot be held personally liable for the loss and when the governor, in the case of a claim or suit against a state employee, or the governing body of the political subdivision, in the case of a claim or suit against an employee of a political subdivision, determines that paying the judgment, compromise, or settlement is in the best interest of the governmental entity.

(c) The governmental entity shall pay all costs and fees incurred by or on behalf of an employee in defense of a claim or suit for a loss occurring because of acts or omissions within the scope of his employment, regardless of whether the employee can or cannot be held personally liable for the loss."

The protection provided here is the bar to claims in subparagraph (a), the executive discretion to pay judgments and settlements in subparagraph (b) and the executive duty to pay costs and fees in subparagraph (c).

I agree that the question posed by this appeal is whether a "judgment" within Ind. Code § 34–4–16.5–5(a) in favor of a governmental entity rendered on the basis of the failure to give it the one hundred eighty day notice of claim, bars a claim against the employee whose conduct was claimed tortious.

To give the preclusive or barring effect to a judgment in favor of the governmental entity based upon the failure of the claimant to have given the governmental entity the required notice of claim, as the majority opinion does, is to grant a protection to employees expressly reserved in the statute to governmental entities alone and distrib-

utes that protection among employees in an arbitrary and inequitable manner, based as it must be upon the choice of the injured claimant to press his claim against the governmental entity to judgment or settlement before moving against the employee. On the other hand, to include in those judgments to be accorded the special preclusive effect intended by subparagraph (a) only those resulting from a determination upon the merits of the underlying tort claim is consonant with the statute as a whole, and the protections thereby granted to employees is more fairly and rationally distributed.

Furthermore the generally accepted rule is that there is joint and several responsibility of an employer and an employee for the tort of the employee arising out of the conduct of the employee in the course of his duties. The employee is the active wrongdoer and his liability is direct and primary. The liability of the employer arises through the policy of the law underlying the doctrine of *respondeat superior* and is indirect and derivative. The person injured by the wrongful act of the employee may join the employer and the employee in a single action or may bring separate actions against each. If the injured party elects to bring separate actions, a judgment rendered against the employer in one is not binding upon the claimant or the employee in the other because the doctrines of *res judicata* and estoppel by judgment are inoperative since the parties to the two actions are not identical, there is no privity between the employer and the employee, and there is no mutuality of estoppel. *State, Ind. State Highway Com'n v. Speidel*, (1979) Ind., 392 N.E.2d 1172.

Subparagraph (a) may accurately be analyzed as eliminating the prerequisites noted above for the proper application of res judicata or estoppel by judgment and extending those doctrines where the employer is a governmental entity. The legislative choice to take this step carries with it the legislative sanction of the notions of fairness which justify res judicata and estoppel by judgment, namely, that issues once judicially resolved after full and fair opportunity has been afforded adversaries to litigate them, should be final and not relitigated. That legislative sanction is present here and further warrants the conclusion that a judgment to be accorded the preclusive effect mandated by subparagraph (a) is one in which the issues of whether there was a breach of duty by the government employee with resultant injury to the claimant, have been resolved on their merits. A judgment following a dismissal at the behest of the governmental entity for failure to give the required notice of claim has not followed a determination on the merits of the underlying tort claim, and therefore it should not bar a subsequent action against the employee.

For the above reasons I cannot agree with the position taken by the Court in its opinion, and respectfully dissent thereto.