# FOR PUBLICATION



FILED

Aug 30 2013, 5:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS:

**PATRICK A. SHOULDERS**
**JEAN M. BLANTON**
Ziemer, Stayman, Weitzel & Shoulders, LLP
Evansville, Indiana

ATTORNEYS FOR AMICUS CURIAE
HOOSIER STATE PRESS ASSOCIATION
FOUNDATION:

**STEVEN M. BADGER**
**LEAH N. WILSON**
Benesch Friedlander Coplan & Aronoff, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**JOSEPH H. HARRISON, JR.**
Massey Law Offices, LLC
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| EVANSVILLE COURIER & PRESS and RITA WARD, | ) ) ) | |
| Appellants-Plaintiffs, | ) ) | |
| vs. | ) ) | No. 82A04-1302-PL-57 |
| VANDERBURGH COUNTY HEALTH DEPARTMENT, | ) ) ) | |
| Appellee-Defendant. | ) ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Carl A. Heldt, Senior Judge
Cause No. 82C01-1208-PL-409

**August 30, 2013**

**OPINION - FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

The Evansville Courier & Press and Rita Ward asked the Vanderburgh County Health Department to give them access to death certificates. When their requests were denied, they alleged a violation of the Access to Public Records Act ("APRA") and sought a trial court order compelling the Health Department to give them access. The court denied relief. Because our statutes indicate death certificates are public records that may be disclosed only in certain circumstances not present here, we affirm.

## ISSUE

The sole issue in this appeal is whether the trial court erred in determining that the Health Department did not violate the APRA in denying the death certificate requests.

## FACTS AND PROCEDURAL HISTORY

The facts are not in dispute. In June 2012, Ward submitted a written request to the Health Department for access to its May 2012 death certificates. The Health Department denied the request.

Ward then filed a formal complaint with the Public Access Counselor. The Public Access Counselor issued an advisory opinion that the Health Department's denial did not violate the APRA. However, in an amended advisory opinion, the Public Access Counselor concluded that the denial was improper.

In July 2012, the day after the amended advisory opinion was issued, the Courier & Press submitted a written request to the Health Department for access to all of its death certificates since the beginning of May 2012. The Health Department denied the request.

The Courier & Press and Ward subsequently filed a complaint against the Health Department in the Vanderburgh Circuit Court alleging an APRA violation and seeking an order compelling access to the death certificates. The plaintiffs moved for summary judgment, and the parties submitted briefs and designations. After a hearing, the court denied the motion and entered judgment in the Health Department's favor. The Courier & Press and Ward now appeal.

## DISCUSSION AND DECISION

When reviewing a summary judgment ruling, our standard of review is the same as that of the trial court: summary judgment is appropriate only where there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Haegert v. Univ. of Evansville*, 977 N.E.2d 924, 936-37 (Ind. 2012).

This case involves statutory interpretation. The interpretation of a statute is a question of law, which we review de novo. *State v. Int'l Bus. Machs. Corp.*, 964 N.E.2d 206, 209 (Ind. 2012). Our goal in such a task is to determine and give effect to the intent of the legislature. *Id.*

The public policy underlying the APRA is "that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees." Ind. Code § 5-14-3-1 (1995). Accordingly, the APRA generally requires a public agency to disclose its public records upon the request of any person. *Shepherd Props. Co. v. Int'l Union of Painters & Allied*

3

*Trades, Dist. Council 91*, 972 N.E.2d 845, 848 (Ind. 2012); *see* Ind. Code § 5-14-3-3(a), (b) (2012).[1]

Certain public records, though, may not be disclosed by a public agency unless access to the records is specifically required by a state or federal statute or is ordered by a court under the rules of discovery. Ind. Code § 5-14-3-4(a) (2012).[2] Public records "declared confidential by state statute" are among those generally excepted from the APRA's disclosure requirement. Ind. Code § 5-14-3-4(a)(1). The burden of proof for the nondisclosure of a public record is on the public agency denying access to the record. Ind. Code § 5-14-3-1.

In the death certificate requests here, the Courier & Press and Ward asked the Health Department for copies of records "created under IC[ ]16-37-3-3." Appellants' App. pp. 20, 28. Indiana Code section 16-37-3-3 (2012)[3] requires a "certificate of death" to be filed with the local health officer of the jurisdiction in which the death occurred.

The parties agree that death certificates are public records as that term is defined in the APRA. *See* Ind. Code § 5-14-3-2(n) (2008). However, they disagree about whether Indiana Code section 16-37-1-8 (2009) prohibits the Health Department from providing death certificates to the Courier & Press and Ward.

---

[1] We cite the version of the statute applicable to the Courier & Press's public records request and further note the version applicable to Ward's request is the same in all relevant respects.

[2] We cite the version of the statute applicable to the Courier & Press's public records request and further note the version applicable to Ward's request is the same in all relevant respects.

[3] The differences between this version of the statute, applicable to the filing of death certificates as of July 1, 2012, and the previous version, applicable to the filing of May and June 2012 death certificates, are not relevant here.

4

Section 16-37-1-8 states in relevant part:

> (a) . . . [A] local health officer shall provide a certification of . . . death . . . registration upon request by any person only if:
>> (1) the health officer is satisfied that the applicant has a direct interest in the matter; [and]
>> (2) the health officer determines that the certificate is necessary for the determination of personal or property rights or for compliance with state or federal law . . . .
>
> . . . .
> . . . .
> (d) Upon determination that a person may be provided a certification of death under subsection (a), the local health officer shall provide to the person a certification of death that excludes information concerning the cause of death if the person requests the exclusion of this information.

Pursuant to subsection (a), then, a local health officer is required to provide a death certificate "only if" the applicant meets the two specified requirements. The "only if" language is a clear indication that a local health officer may not disclose a death certificate in any other circumstances.

The Courier & Press and Ward nonetheless argue that the "certification of . . . death . . . registration" in Section 16-37-1-8 is different from the "certificate of death" in Section 16-37-3-3. Thus, their argument goes, Section 16-37-1-8 does not prohibit the disclosure of death certificates.

This argument fails for the plain fact that Section 16-37-1-8's own language shows the legislature used the terms interchangeably. That is, while subsection (a) provides when a local health officer must disclose a "certification of . . . death . . . registration," subsection (d) refers to that same document as a "certification of death."[4]

---

[4] In *Evansville-Vanderburgh County Department of Health v. Evansville Printing Corp.*, 165 Ind. App. 437, 332 N.E.2d 829 (1975), another panel of this Court examined the versions of the statutes then in

5

As neither the Courier & Press nor Ward showed they had a direct interest in the death certificates or that the death certificates were necessary for the determination of personal or property rights or for compliance with state or federal law, the Health Department properly denied their requests.

This conclusion is entirely in line with the legislature's intent as shown through another statute regarding the limits on disclosure of vital statistics records. Parallel to Section 16-37-1-8, Indiana Code section 16-37-1-10(a)(1) (1999) provides that the state registrar must

> permit inspection of the records [of the division of the state department concerning vital statistics] or issue a certified copy of a certificate or part of a certificate only if the state registrar is satisfied of the following:
> (A) That the applicant has a direct interest in the matter recorded.
> (B) That the information is necessary for the determination of personal or property rights or for compliance with state or federal law.

Thus, an applicant for a death certificate must meet the same requirements regardless of whether that person requests access from a local health officer or the state registrar. Indeed, the outcome urged by the Courier & Press and Ward leads to a curious result: a death certificate request with no showing of direct interest or necessity made to the state registrar would be denied while that same request would be granted by a local health officer. Surely the legislature did not intend such an end run around Section 16-37-1-10.

Notwithstanding Section 16-37-1-8's limits on a local health officer's ability to disclose death certificates, we note that a local health officer must make some

---

effect and determined that certificates of death were different from certificates of death registration. To the extent that 1975 case, not cited by either of the parties or amicus curiae, supports a similar conclusion here, we respectfully disagree.

information from death certificates available to the public.  Specifically, Indiana Code section 16-37-3-9 (2005) requires a local health officer to create a permanent record of certain items from death certificates, and that record must be open to public inspection:

> (a) The local health officer shall, from the stillbirth and death certificates, make a permanent record of the:
> > (1) name;
> > (2) sex;
> > (3) age;
> > (4) place of death;
> > (5) residence; and
> > (6) for a death certificate only:
> > > (A) residence addresses of the deceased during the two (2) years before the death; and
> > > (B) Social Security number;
> > of the deceased.
> (b) The records shall be open to public inspection.  Except as provided in this subsection, the Social Security number is confidential and may not be disclosed to the public.  . . . .
> . . . .
> (d) The local health officer may make records of other data in connection with deaths for statistical purposes or for the purpose of planning health programs.  Records under this subsection are not public records.

Still, it is evident from the appellate briefs of the Courier & Press and Ward as well as amicus curiae Hoosier State Press Association Foundation that what is being sought in this lawsuit is access to cause of death information.  Cause of death is not enumerated under subsection (a) as a category of information to be notated in the permanent record.  Moreover, although subsection (d) allows a local health officer to record other data in connection with deaths, those records are not public records.

We acknowledge the interest in using cause of death information to identify public health risks perhaps otherwise overlooked by public agencies.  Nonetheless, we are not at liberty to ignore the legislature's intent as demonstrated through its statutes.

7

A local health officer need only provide a death certificate to an applicant fulfilling the direct interest and necessity requirements of Section 16-37-1-8. As neither the Courier & Press nor Ward provided any information to make such a showing, the Health Department properly denied their requests. We therefore conclude the trial court did not err in denying the plaintiffs' summary judgment motion and entering judgment in favor of the Health Department.

## CONCLUSION

We therefore affirm the trial court.

BRADFORD, J., and PYLE, J., concur.