

**FILED**

Aug 04 2015, 9:07 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS

Daniel H. Pfeifer
Jerome W. McKeever
Pfeifer, Morgan & Stesiak
South Bend, Indiana

ATTORNEYS FOR APPELLEE

James A. Masters
A. Robert Masters
Nemeth, Feeney, Masters
& Campiti, P.C.
South Bend, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brian Young, Dave Wells, Steve Richmond, and Tim Corbett, <br><br> *Appellants-Plaintiffs,* <br><br> v. <br><br> Henry Davis, Jr., <br><br> *Appellee-Defendant* | August 4, 2015 <br><br> Court of Appeals Case No. 71A04-1501-CT-26 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable Jenny Pitts Manier, Judge <br><br> Cause No. 71C01-1405-CT-142 |

**Baker, Judge.**

[1] Brian Young, Dave Wells, Steve Richmond, and Tim Corbett (collectively, the Officers) appeal the trial court's order dismissing their complaint against Henry Davis. The Officers filed a lawsuit against Davis, a government employee, and two governmental agencies for actions he took while a government employee. After the Officers voluntarily dismissed the governmental entities from the complaint, the trial court granted Davis's motion to dismiss based on the Indiana Tort Claims Act (ITCA).[1] Finding that the dismissal was erroneous, we reverse and remand for further proceedings.

## Facts

[2] The Officers are South Bend Police officers, and Davis is a member of the South Bend Common Council (Common Council). On August 9, 2012, Davis sent the United States Department of Justice a letter accusing the Officers of racially-based misconduct. In January 2014, the Officers learned that Davis had allegedly either listened to tapes of the officers' illegally-recorded private telephone conversations or that he had talked to someone who had listened to those tapes. Subsequently, Davis allegedly posted comments on his Facebook page regarding what he had heard.

[3] On May 14, 2014, the Officers filed a two-count complaint against Davis, the City of South Bend (the City), and the Common Council. Count I alleged that Davis had violated provisions of the federal wiretap act and related provisions

---

[1] Ind. Code § 34-13-3-1 *et seq.*

in Indiana law by either listening to the Officers' phone conversations or receiving information about those conversations. The Officers pleaded liability in the alternative: on the one hand, the complaint alleged that Davis was acting in the course and scope of his employment and that the City and Common Council were vicariously liable; on the other hand, it alternatively alleged that Davis was personally liable because he was acting outside the scope of his employment. Count II alleged that Davis was personally liable for defamation by forwarding correspondence to the Department of Justice.

[4] Although the City and Common Council were served with the Officers' complaint, they did not appear in the lawsuit or file any responsive pleading. They also did not enter an appearance on behalf of Davis, who eventually retained private counsel. On July 17, 2014, the Officers voluntarily dismissed the City and the Common Council.

[5] On October 17, 2014, the Officers filed an amended complaint against Davis. The complaint named Davis as the sole defendant, alleging that he had acted outside the scope and course of his employment, and retained both claims from the original complaint. Davis moved to dismiss the amended complaint on December 1, 2014, arguing that the Officers had failed to state a claim against him. Following a hearing, the trial court granted Davis's motion on January 9, 2015, finding that the Officers' claims against Davis were barred by the ITCA. The Officers now appeal.

# Discussion and Decision

[6] A motion to dismiss for failure to state a claim tests the legal sufficiency of a claim rather than the facts supporting it. *Medley v. Lemmon*, 994 N.E.2d 1177, 1182 (Ind. Ct. App. 2013). We apply a de novo standard of review to a trial court's ruling on a Trial Rule 12(B)(6) motion to dismiss, determining whether the allegations on the face of the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. *Id.* This case requires us to review the trial court's interpretation of the ITCA, and as always, we review matters of statutory interpretation de novo. *Meyer v. Beta Tau House Corp.*, 31 N.E.3d 501, 513 (Ind. Ct. App. 2015)

[7] The ITCA provides that a government employee may not be named as a party in a civil suit where he acted "within the scope of [his] employment." Ind. Code § 34-13-3-5(a). Subsection 5(b) states that a judgment against the governmental entity bars an action against the government employee, and, with one exception, a lawsuit alleging that the employee acted within the scope and course of his employment bars an action against the employee personally:

> A judgment rendered with respect to or a settlement made by a governmental entity bars an action by the claimant against an employee, including a member of a board, a committee, a commission, an authority, or another instrumentality of a governmental entity, whose conduct gave rise to the claim resulting in that judgment or settlement. A lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally. However, if the governmental entity answers that the employee acted outside the scope of the employee's employment, the plaintiff may amend the complaint and sue the employee personally. . . .

I.C. § 34-13-3-5(b). Finally, if the circumstances of a lawsuit permit the filing of a lawsuit against an employee individually, subsection (c) sets forth the necessary allegations that must be made in such a case:

> A lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a loss is:
>
> (1)     criminal;
>
> (2)     clearly outside the scope of the employee's employment;
>
> (3)     malicious;
>
> (4)     willful and wanton; or
>
> (5)     calculated to benefit the employee personally.
>
> The complaint must contain a reasonable factual basis supporting the allegations.

I.C. § 34-13-3-5(c).

# I. Defamation Claim

First, we consider the Officers' defamation claim. In the Officers' original complaint, the defamation claim alleged that Davis's actions "were not within the scope of conducting any investigation authorized by the South Bend Common Council. Henry Davis' actions were in his individual capacity and a rogue attempt to damage the plaintiffs by said unfounded allegations." Appellants' App. p. 12. The amended complaint contained identical allegations with respect to the defamation claim. *Id.* at 58.

From the start, therefore, the Officers sought *only* to have Davis held liable as an individual for defamation. They did not seek to hold any governmental entities vicariously liable for Davis's actions as an employee, and they did not

contend that he was acting as a governmental employee when he committed the acts that allegedly constitute defamation. Because this claim did not allege that Davis "acted within the scope of [his] employment," the claim is not barred by the ITCA. I.C. § 34-13-3-5(a), -5(b). As a result, it was erroneous to dismiss the defamation claim pursuant to Trial Rule 12(B)(6). We therefore reverse and remand for further proceedings on this claim.

## II. Wiretap Claim

[10] Next, we turn to the Officers' claim related to alleged violations of state and federal law. As opposed to the defamation claim, this claim originally alleged that Davis was acting within the scope of his employment when he committed the acts that allegedly violated the statutory provisions at issue. Although the Officers pleaded in the alternative that Davis acted outside the scope of his employment, the fact that they named the governmental entities as defendants and sought to hold those entities vicariously liable makes the dismissal of this claim more problematic.

[11] There are two provisions of the ITCA that we must consider in addressing the Officers' contention that dismissal was erroneous. First, we must consider whether the voluntary dismissal of the City and the Common Council constituted a "judgment." Second, we must consider whether the fact that the governmental entities did not aver in a responsive pleading that Davis acted outside the scope of his employment bars an individual claim against Davis.

# A. Is a Voluntary Dismissal a "Judgment"

[12] As noted above, "[a] judgment rendered with respect to . . . a governmental entity bars an action by the claimant against an employee . . . whose conduct gave rise to the claim resulting in that judgment[.]" I.C. § 34-13-3-5(b). If we were to find, as Davis argues we should, that the Officers' voluntary dismissal of the City and Common Council constitutes a "judgment" for ITCA purposes, then the Officers would not be permitted to pursue an individual claim against Davis for these actions.

[13] Davis directs our attention to two cases that he claims stands for a general proposition that a dismissal of governmental entities from a complaint constitutes a judgment for ITCA purposes. In *Burks v. Bolerjack*, a jail employee sued the county, sheriff's office, and the sheriff for a number of tort claims. 427 N.E.2d 887 (Ind. 1981). The defendants filed a motion to dismiss the claim, which the trial court granted, because Burks had failed to comply with the notice provisions of the ITCA. Burks argued that even if the governmental entities were properly dismissed because of the failure to give proper notice, the claims against the sheriff as an individual should not have been dismissed. Our Supreme Court disagreed, finding that the dismissal against the government "was a 'judgment' both final and appealable; it left nothing for resolution between the parties." *Id.* at 889. Because a "judgment" had been rendered with respect to the governmental entities, the claims against the sheriff as an individual were properly dismissed.

In *Board of Commissioners of Cass County v. Nevitt*, the plaintiff sued Cass County for injuries stemming from a vehicular accident involving a county snow plow. 448 N.E.2d 333 (Ind. Ct. App. 1983). Nevitt also sued the snow plow driver as an individual. On the day before trial, Nevitt, "[f]or tactical reasons," filed a motion for leave to file an amended complaint that dismissed the county as a party to the action. *Id.* at 336. The trial court granted the request and found in favor of the plaintiff following a bench trial. The employee appealed, and this Court, citing to *Burks*, found that Nevitt's voluntary dismissal of the county on the eve of trial constituted a "judgment" for purposes of the ITCA. *Id.* at 338-39. Consequently, any further action against the snow plow driver as an individual was barred by the ITCA, and the trial court should not have permitted the trial to take place. *Id.* at 339.

We simply cannot conclude that a plaintiff's decision to voluntarily dismiss governmental entities from a complaint before litigation has even begun equates to the scenarios contemplated by the *Burks* and *Nevitt* Courts. In *Burks*, judicial action was required to grant or deny the motion to dismiss. As such, the order granting dismissal was a "judgment" for ITCA purposes. In *Nevitt*, because of the timing of the amended complaint, the plaintiff was required to file a motion requesting permission to amend, thereby dismissing the governmental entity from the case. Therefore, judicial action was required to grant or deny that

motion, and the order granting the amendment and dismissing the government was a "judgment" for ITCA purposes. [2]

[16] Here, in contrast, the Officers made a decision extremely early in the litigation—before attorneys for the City and Common Council had even filed appearances—to pursue recovery solely against Davis as an individual. Indiana Trial Rule 15(A) provides that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served[.]" In such a circumstance, the trial court need not, and cannot, rule on the amendment—the plaintiff is entitled to it as of right. And Trial Rule 41(A)(1)(a) provides that an action may be dismissed by the plaintiff *without order of court* by filing a notice of dismissal before the adverse party has served an answer. Again, no judicial action is required. Because the Officers here took action at such an early date in the litigation, they were within their rights to dismiss the City and Common Council and amend their complaint without first seeking permission from the trial court. As such, we find *Burks* and *Nevitt* distinguishable.

[17] Under these circumstances, we find that the voluntary dismissal of the City and Common Council did not constitute a "judgment" for purposes of ITCA. Therefore, the claims against Davis were not barred on this basis.

---

[2] We question whether our colleagues in *Nevitt* properly applied the decision of our Supreme Court in *Burks*. We need not resolve that issue, however, as even if we take the *Nevitt* holding as it is, we find the case distinguishable from the circumstances present here.

# B. Lack of a Government Answer

[18] Finally, we must consider the middle portion of subsection 5(b):

> A lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally. However, if the governmental entity answers that the employee acted outside the scope of the employee's employment, the plaintiff may amend the complaint and sue the employee personally.

I.C. § 34-13-3-5(b). Davis contends that because in this case the City and Common Council did not file a responsive pleading averring that he was acting outside the scope of his employment, the Officers were not entitled to seek recovery from him as an individual.

[19] We have already noted that the City and Common Council were voluntarily dismissed from the complaint. We have also found that the dismissal did not, in and of itself, bar the Officers from continuing their lawsuit against Davis individually. After the dismissal, the Officers amended their complaint, alleging solely that Davis was acting outside the scope of his employment. At that time, *there was no governmental entity participating in the litigation that could have filed a pleading on Davis's actions*. Consequently, to say that the absence of such a pleading is fatal to the Officers' claims makes little to no sense.

[20] To agree with Davis's position would be to hand control of litigation over to a third party. We simply cannot countenance, and cannot conclude that the General Assembly intended, such a result. We decline to find that a non-party governmental entity was required to file a pleading before the Officers'

individual claims against Davis were entitled to proceed. Therefore, we reverse the trial court's order with respect to the wiretap claim and remand for further proceedings.

[21] The judgment of the trial court is reversed and remanded for further proceedings.

Bailey, J., and Mathias, J., concur.