

FILED

Dec 26 2019, 5:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

H. Kennard Bennett
Sara M. McClammer
Bennett & McClammer
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Christopher D. Simpkins
Thomas D. Perkins
Stephanie L. Grass
Mackenzie E. Skalski
Paganelli Law Group
Indianapolis, Indiana

I N  T H E
# COURT OF APPEALS OF INDIANA

Joann G. Sartain, by and
through her attorney-in-fact,
Cindy Harding,

*Appellant-Plaintiff,*

v.

Trilogy Healthcare of Hamilton
II, LLC d/b/a Prairie Lakes
Health Campus,

*Appellee-Defendant*

December 26, 2019

Court of Appeals Case No.
19A-PL-1567

Appeal from the
Hamilton Superior Court

The Honorable
William J. Hughes, Judge

Trial Court Cause No.
29D03-1511-PL-9242

**Vaidik, Chief Judge.**

# Case Summary

[1] Joann Sartain filed a four-count complaint against Trilogy Healthcare of Hamilton II, LLC d/b/a Prairie Lakes Health Campus ("Prairie Lakes"). Prairie Lakes moved to dismiss Counts I and III, which the trial court granted. The parties continued to litigate Counts II and IV but eventually filed a stipulation to dismiss the case "in its entirety." Sartain now seeks to appeal the dismissal of Counts I and III. Prairie Lakes argues that the appeal must be dismissed. We agree. Because Sartain explicitly stipulated to the dismissal of the case in its entirety, there was no final judgment, and we lack jurisdiction. We therefore dismiss the appeal.

# Facts and Procedural History

[2] In November 2015, Sartain, by and through her daughter and attorney-in-fact, Cindy Harding, filed a lawsuit against Prairie Lakes, a nursing facility in Noblesville. Sartain suffers from dementia and resided at Prairie Lakes from February 2012 until February 2014, when Prairie Lakes discharged her to a hospital. Sartain's complaint made four claims: Count I, Negligence – Improper Discharge; Count II, Negligence – Substandard Care; Count III, Abuse of Process; and Count IV, Breach of Contract.

[3] Prairie Lakes moved to dismiss Counts I and III, claiming that Sartain had failed to exhaust her administrative remedies. The trial court granted that

motion in May 2016. The trial court certified its order for interlocutory appeal, but this Court declined jurisdiction.

[4] Litigation continued on Counts II and IV until June 2019, when the parties filed a Stipulation of Dismissal. The stipulation provided that the parties, "pursuant to Rule 41(A)(1)(b) of the Indiana Rules of Trial Procedure, stipulate and agree to the dismissal of the above-referenced cause of action, in its entirety, each party to bear their own attorneys' fees, costs, and expenses." Appellee's App. Vol. II p. 5. The parties also submitted a proposed Order of Dismissal, which provided:

> The Court, being duly advised in the premises and having reviewed the parties' Stipulation of Dismissal, now ORDERS that the above-referenced cause of action is hereby dismissed, with each party bearing their own attorney's fees, costs, and expenses.
>
> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff's cause of action against Defendant is hereby dismissed in its entirety.

Appellant's App. Vol. II p. 146. The trial court signed the order.

[5] Three weeks later, Sartain filed a notice of appeal with this Court. She indicated that she is appealing the May 2016 order dismissing Counts I and III and that the "Basis for Appellate Jurisdiction" is "Appeal from a Final Judgment, as defined by Appellate Rule 2(H) and 9(I)." Appellee's App. Vol. II p. 3. Prairie Lakes moved to dismiss the appeal, arguing that the trial court

never issued a final judgment and that therefore this Court lacks subject-matter jurisdiction. A motions panel of this Court denied the motion, and briefing proceeded.

## Discussion and Decision

In its appellee's brief, Prairie Lakes responds to Sartain's arguments on the merits but first asks us to revisit its motion to dismiss the appeal. *See Miller v. Hague Ins. Agency, Inc.*, 871 N.E.2d 406, 407 (Ind. Ct. App. 2007) ("While we are reluctant to overrule orders decided by the motions panel, this court has inherent authority to reconsider any decision while an appeal remains *in fieri*."), *reh'g denied*. Having done so, we agree with Prairie Lakes that the appeal must be dismissed.

Appellate Rule 5(A) gives this Court jurisdiction "in all appeals from Final Judgments of Circuit, Superior, Probate, and County Courts" (except as provided in Appellate Rule 4, which governs the jurisdiction of our Supreme Court). Appellate Rule 2(H)(1), in turn, provides that a judgment is "final" if it "disposes of all claims as to all parties[.]" Sartain contends that the trial court's June 2019 order "disposed of all claims as to all parties" in this case. Appellant's Reply Br. p. 5. That is incorrect. The parties filed a Stipulation of Dismissal pursuant to Trial Rule 41(A)(1)(b), which provides that "an action may be dismissed by the plaintiff **without order of court** . . . by filing a stipulation of dismissal signed by all parties who have appeared in the action." (Emphasis added). The emphasized language—"without order of court"—

means that this case was ended by the filing of the stipulation, not by the trial court's subsequent Order of Dismissal, which was unnecessary and a nullity. We said as much in *Young v. Davis*, 40 N.E.3d 1254, 1258 (Ind. Ct. App. 2015), where we held that a voluntary dismissal under Trial Rule 41(A)(1) is not a "judgment" because no judicial action is required to accomplish the dismissal. *See also Kohlman v. Finkelstein*, 509 N.E.2d 228, 232 (Ind. Ct. App. 1987) ("[I]n Indiana, we have adopted the stance that once a case has been voluntarily dismissed, it is treated as if it never existed."), *reh'g denied*, *trans. denied*. Because there was no final judgment in this case, we do not have jurisdiction under Appellate Rule 5(A).

[8] Furthermore, even if we agreed that the trial court's June 2019 order constituted a final judgment, the language of the order and of the Stipulation of Dismissal that led to the order would require dismissal of this appeal. In the stipulation, the parties agreed that the case would be dismissed "in its entirety." Likewise, the order provided that the case was dismissed "in its entirety." Having agreed to the dismissal of her case "in its entirety"—not just Counts II and IV—Sartain cannot now be heard to argue that the trial court committed any sort of reversible error with regard to Counts I and III.

[9] Sartain argues that we should allow her appeal to proceed under our decision in *Keck v. Walker*, 922 N.E.2d 94 (Ind. Ct. App. 2010). There, the plaintiffs filed a two-count complaint, and the trial court granted summary judgment to the defendant on Count II. Later, the plaintiffs "filed a notice of voluntary dismissal with prejudice . . . seeking to dismiss Count I[.]" *Id.* at 98. The trial

court "approved the Plaintiffs' dismissal and entered an order stating that its earlier order granting summary judgment as to Count II 'was now a final and appealable order and the case in its entirety is now final AND SO ORDERED.'" *Id.* (formatting altered, citation omitted). The plaintiffs then appealed as to Count II. The defendant asked us to dismiss the appeal, but we declined, explaining:

> [T]he trial court's order granting the Plaintiffs' request to dismiss Count I, when considered in conjunction with the earlier grant of partial summary judgment in favor of the Estate on Count II, had the effect of disposing of all issues as to all parties. In other words, the trial court's order approving the dismissal of Count I was a final judgment.

*Id.* at 99.

[10] Three key facts distinguish *Keck* from this case. First, the parties in *Keck* did not jointly file a stipulation of dismissal that would have ended the case without a court order, as happened here. Rather, the plaintiffs unilaterally filed a notice of dismissal that needed to be approved by the trial court. *See* Ind. Trial Rule 41(A)(2). Second, the plaintiffs in *Keck* requested dismissal of only the one remaining count (Count I), not dismissal of their case "in its entirety," as happened here. And third, the dismissal order in *Keck* specifically stated that the earlier order granting summary judgment on Count II "was now a final and appealable order." Here, there was no such language about Counts I and III in either the parties' Stipulation of Dismissal or the trial court's Order of Dismissal. For these reasons, *Keck* does not save Sartain's appeal.

Dismissed.

Najam, J., and Tavitas, J., concur.